**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**BRIAN TAYLOR,**

**Plaintiff,**

**vs.**

**3:23-CV-706 (MAD/ML)**

**GREENE CENTRAL SCHOOL DISTRICT and JOHN FISH, individually and as President of the Board of Education**

**Defendants.**

---

| **APPEARANCES:** | **OF COUNSEL:** |
| --- | --- |
| **OFFICE OF RONALD R. BENJAMIN**<br>P.O. Box 607<br>126 Riverside Drive<br>Binghamton, New York 13902<br>Attorney for Plaintiff | **RONALD R. BENJAMIN, ESQ.** |
| **FERRARA FIORENZA P.C.**<br>5010 Campuswood Drive<br>East Syracuse, New York 13057<br>Attorney for Defendants | **CHARLES C. SPAGNOLI, ESQ.** |
| **HOGAN, SARZYNSKI, LYNCH DEWIND & GREGORY**<br>520 Columbia Drive<br>Suite 204<br>Johnson City, New York 13790<br>Attorney for Defendants | **CAMERON B. DANIELS, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

# MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On April 21, 2023, Plaintiff Brian Taylor ("Plaintiff") brought suit in New York State Supreme Court, Chenango County, against Greene Central School District (the "School District") and John Fish, individually and as President of the Board of Education (collectively, "Defendants") for violations of his Fourteenth Amendment rights. *See* Dkt. No. 1 at ¶¶ 1, 2; *see also* Dkt. No. 2 at ¶ 12. Defendants removed the action to federal court on June 13, 2023. *See* Dkt. No. 1. On June 20, 2023, Defendants filed a pre-answer motion to dismiss. *See* Dkt. No. 7. Plaintiff opposed the motion and Defendants replied. *See* Dkt. Nos. 13, 15. For the reasons set forth below, Defendants' motion to dismiss is granted.

## II. BACKGROUND

Plaintiff began working as a bus driver with the School District on March 12, 2020. *See* Dkt. No. 2 at ¶ 4. Pursuant to a Collective Bargaining Agreement ("CBA") between the School District and its bus drivers, such employees became regular employees after serving a one-year probationary period. *See id.* at ¶ 6; *see also* Dkt. No. 7-2 at 5.[1] The CBA also provided that "[n]o person who has been employed for more than five (5) consecutive years as a Bus Driver, shall be

---

[1] Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the Court may consider documents that are "integral" to that pleading, even if they are neither physically attached to the pleading, nor incorporated by reference. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)). A document is "integral" to the complaint where "the plaintiff rel[ies] on the terms and effect of the document in drafting the complaint." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) (citation and quotation marks omitted). "Even where a document is deemed 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Kumpf v. New York State United Tchrs.*, 642 F. Supp. 3d 294, 303 (N.D.N.Y. 2022) (citations and additional quotation marks omitted). Defendants attached the CBA to their motion to dismiss. *See* Dkt. No. 7-2. Plaintiff discussed the CBA and its terms in his complaint, *see* Dkt. No. 2 at ¶¶ 6, 8, and in his response to the motion to dismiss. *See* Dkt. No. 13 at ¶¶ 1-2; *see also* Dkt. No. 13-1 at 3, 5-10. Plaintiff does not contest the CBA's authenticity, accuracy, or relevance. As such, the Court deems it integral to the complaint and will consider it throughout this Memorandum-Decision and Order.

reprimanded, disciplined, dismissed, or reduced in rank or compensation exception [sic] in accordance with applicable Civil Service Law and regulations." Dkt. No. 7-2 at 6. After commencing employment with the School District, Plaintiff satisfied his employment obligations and his one-year probationary period ended on March 11, 2021. *See* Dkt. No. 2 at ¶¶ 5, 8. Plaintiff then took two personal days for a trip to Florida and allegedly followed the School District's procedures for taking time off work. *See id.* at ¶ 9. In response, Superintendent Timothy M. Calice confronted Plaintiff and demanded he sign a document. *See id.* at ¶ 10. Plaintiff was unable to read the document because he did not have his glasses. *See id.* Upon Plaintiff's request to retrieve his glasses, the Superintendent ended the conversation and informed "[P]laintiff that he was going to be terminated." *Id.* at ¶¶ 10-11.

On February 27, 2023, Plaintiff received a letter terminating his employment. *See id.* at ¶ 13. The letter alleged that Plaintiff had been absent from his position without permission, and was rude, hostile, and verbally aggressive. *See id.* The letter advised Plaintiff that he could attend a Board of Education meeting on March 8, 2023, at which time the Board would consider his termination. *See id.* at ¶ 14. Plaintiff contends that during an "executive session," Plaintiff sought an impartial adjudicator, was not provided a hearing or a reasonable opportunity to confront his accuser, and that "the District alleges that plaintiff attended the *executive session* for 15 minutes but did not submit any evidence." *Id.* at ¶¶ 15-17. Plaintiff asserts that this deprived him of his employment without due process and stigmatized him by depicting him as a hostile individual. *See id.* at ¶ 18.

## III. DISCUSSION

### A. Standard of Review

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* FED. R. CIV. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id.* at 570.

**B. 42 U.S.C. § 1983**

Section 1983 provides plaintiffs with a cause of action against government officials who, acting under the color of government authority, have subjected a plaintiff to a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.

42 U.S.C. § 1983; *see also Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 250 (2d Cir. 2001). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979)). To establish a Section 1983 claim, a plaintiff must demonstrate: "(1) 'the conduct complained of was committed by a person acting under color of state law;' and (2) 'this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States.'" *Greenwich Citizens Comm. v. Counties of Warren Indus. Dev. Agency*, 77 F.3d 26, 29-30 (2d Cir. 1996) (citation omitted).

The Court construes Plaintiff's complaint as raising a Fourteenth Amendment procedural due process claim pursuant to 42 U.S.C. § 1983.

***1. Procedural Due Process***

The Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property." U.S. CONST. amend. XIV, § 1. Procedural due process protections bar such deprivations without notice and an opportunity to be heard. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). To prevail on a procedural due process claim, "a plaintiff must identify a property interest protected by the Due Process Clause," *Harrington v. County of Suffolk*, 607 F.3d 31, 34 (2d Cir. 2010), and demonstrate that he or she was deprived of that property "right without due process of law." *Woe v. Spitzer*, 571 F. Supp. 2d 382, 387 (E.D.N.Y. 2008) (citing *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994)) (additional citation omitted).

"[I]t is well established that the state-law property interest of government employees who may only be discharged for cause . . . is a constitutionally protected property interest for purposes of the Fourteenth Amendment." *O'Connor v. Pierson*, 426 F.3d 187, 196 (2d Cir. 2005) (citing *Loudermill*, 470 U.S. at 538-42; *Strong v. Bd. of Educ.*, 902 F.2d 208, 211 (2d. Cir. 1990)); *see*

*also Ciambriello v. County of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002) (citation omitted) ("A public employee has a property interest in continued employment if the employee is guaranteed continued employment absent 'just cause' for discharge"); *Reynolds v. Vill. of Chittenango*, No. 5:19-CV-416, 2020 WL 1322509, *5 (N.D.N.Y. Mar. 20, 2020) ("[C]ontinued public employment of a full-time civil service employee constitutes a protected property interest"). A protected property interest can be established when "the provisions of a statute or collective bargaining agreement [provide that] the employee cannot be terminated or demoted without a hearing." *Kelly v. New York City Dep't of Env't Prot.*, No. 3:13-CV-1110, 2014 WL 837469, *4 (N.D.N.Y. Mar. 4, 2014) (citing *Ciambriello*, 292 F.3d at 313-14)). However, "at will employees do not have a protectable property interest in continued employment." *Abramson v. Pataki*, 278 F.3d 93, 100 (2d Cir. 2002) (citing *Goetz v. Windsor Cent. Sch. Dist.*, 698 F.2d 606, 608-09 (2d Cir. 1983)). Thus, "in the context of an at-will government employee, a reasonably prompt, post-termination name-clearing hearing satisfies constitutional due process as long as the procedures afforded at such a hearing are sufficient to protect the employee's reputational and professional interests." *Segal v. City of New York*, 459 F.3d 207, 218 (2d Cir. 2006).

Neither party discussed whether Plaintiff had a property interest in continued employment with the School District or whether he could be terminated at-will or only for cause. *See* Dkt. Nos. 7, 13, 15. Rather, Defendants "[a]ssum[ed] for purposes of argument that Plaintiff had a property interest in his employment as a bus driver with the District." Dkt. No. 7-3 at 3. A property interest is a threshold requirement for stating a procedural due process claim. Therefore, even though the parties do not brief the issue, the Court will address it.

New York Civil Service Law § 75 provides that employees in the non-competitive or labor classes who have completed five years of continuous service in either class "shall not be

removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges." N.Y. CIV. SERV. § 75(1)(c); *see also O'Neill v. City of Auburn*, 23 F.3d 685, 688 (2d Cir. 1994) (citation omitted) ("[The Second Circuit has] previously held that § 75 gives covered employees a property interest in their employment, so that they may not be terminated without notice and hearing"). Similarly, the CBA covering Plaintiff's employment with the School District provided that "[n]o person who has been employed for more than five (5) consecutive years as a Bus Driver, shall be reprimanded, disciplined, dismissed, or reduced in rank or compensation exception in accordance with applicable Civil Service Law and regulations." Dkt. No. 7-2 at 6. Plaintiff began his employment as a bus driver with the School District on March 12, 2020, and he was terminated on March 8, 2023. *See* Dkt. No. 2 at ¶¶ 4, 14, 17. As Plaintiff had less than five years of continued employment, he did not qualify for a pre-termination hearing under New York Civil Service Law § 75(1)(c) or the CBA. Thus, Plaintiff was an at-will employee, he did not have a property interest in continued employment, and pre-termination process was not constitutionally required. *See Donley v. Vill. of Yorkville*, No. 6:14-CV-1324, 2019 WL 3817054, *8 (N.D.N.Y. Aug. 13, 2019) ("At the time this action was commenced, Plaintiff had less than five years of continued employment in the non-competitive class and did not qualify for a termination hearing under section 75(1)(c). Because [p]laintiff had not satisfied the statutory conditions, he had no property interest in his continued employment"); *Mullahey v. Zurlo*, No. 1:16-CV-00401, 2017 WL 530523, *3 (N.D.N.Y. Feb. 9, 2017) (citation and additional quotation marks omitted) ("[A]n at-will employee has no right of reinstatement and procedural due process only requires the limited right to be heard 'at a meaningful time and in a meaningful manner'").

Even if Plaintiff established a property interest in continued employment with the School

District, the pre-termination notice and a hearing that the School District provided and the availability of an Article 78 proceeding satisfy due process. *See* Dkt. No. 15 at 2. Plaintiff argues that Defendants' motion to dismiss should be denied because the complaint sufficiently "alleges he was denied the right to the disciplinary grievance remedy under [the] CBA" and that "Plaintiff's deprivation here occurred in the context of the pretermination grievance procedure on which [D]efendants rely to claim [P]laintiff failed to state a claim because administrative remedies were not exhausted." Dkt. No. 13-1 at 5, 9-10. Defendants do not move to dismiss Plaintiff's complaint for failure to exhaust administrative remedies. Rather, Defendants argue that Plaintiff's complaint should be dismissed because the School District afforded Plaintiff pre-termination notice and an opportunity to be heard, the grievance procedure constituted "available adequate due process," and "the availability of a proceeding under Article 78 of the New York Civil Practice Law and Rules satisfies the required due process for a stigmatizing statement." Dkt. No. 7-3 at 2-4. The Court agrees with Defendants. *See Munafo v. Metro. Transp. Auth.*, 285 F.3d 201, 212 (2d Cir. 2002) (citation and quotation marks omitted) ("[P]rocedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards").

Upon establishing a valid property interest in one's continued employment, "the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees." *Hellenic Am. Neighborhood Action Comm. v. City New York*, 101 F.3d 877, 880 (2d Cir. 1996) (citing *Hudson v. Palmer*, 468 U.S. 517, 532 (1984)). "[W]hen the deprivation is pursuant to an established state procedure, the state can predict when it will occur and is in the position to provide a pre-deprivation hearing. Under those circumstances, the availability of post-deprivation procedures will not, *ipso facto*, satisfy

due process." *Rivera-Powell v. New York City Bd. of Elections*, 470 F.3d 458, 465 (2d Cir. 2006) (citations and quotation marks omitted). "[A] deprivation effectuated through the random and unauthorized acts of government officials does not violate due process so long as the government provides a meaningful remedy subsequent to the deprivation." *Locurto v. Safir*, 264 F.3d 154, 172 (2d Cir. 2001) (citing *Hudson*, 468 U.S. at 531-32); *see also Henry v. City of New York*, 638 Fed. Appx. 113, 116 (2d. Cir. 2016) (finding an Article 78 proceeding sufficient to satisfy the Due Process Clause where the plaintiffs pled "at most" a claim based on random or unauthorized acts by state employees).

Here, Defendants provided Plaintiff the process due "regardless of whether . . . the Board's action [was] random and unauthorized or an established state procedure." *Rivera-Powell*, 470 F.3d at 467 (citation omitted) (declining to "foray further into th[e] legal thicket" of the same question "absent some real need to address" it, and finding that the state had provided due process regardless of how the challenged actions were classified). This is because when pretermination process is required, it "'need not be elaborate' or approach the level of a 'full adversarial evidentiary hearing,' but . . . an 'employee [must be given] oral or written notice of the charges against h[im], an explanation of the employer's evidence, and an opportunity to present h[is] side of the story.'" *Otero v. Bridgeport Hous. Auth.*, 297 F.3d 142, 151 (2d Cir. 2002) (emphasis omitted) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 552, 545, 546 (1985)); *see also Morgan v. County of Warren*, No. 1:21-CV-0278, 2022 WL 195065, *4 (N.D.N.Y. Jan. 21, 2022).

Plaintiff alleges that he "received a letter terminating his services and falsely accusing him of being absent from his position without permission, and . . . of being rude, hostile, and verbally aggressive." Dkt. No. 2 at ¶ 13. Plaintiff's complaint does not allege that that the contents of the

letter provided an inadequate description of the evidence against him. Further, the letter specifically "advised [P]laintiff he could attend the Board of Education meeting on March 8, 2023, which was when they would be considering his termination." *Id.* at ¶ 14. Plaintiff acknowledges that he attended the Board meeting on March 8, 2023. *See id.* at ¶ 17. The letter and subsequent meeting provided the requisite pre-termination process as the School District explained the allegations and evidence against Plaintiff, and provided him the opportunity to be heard. *See Bell v. U-32 Bd. of Educ.*, 630 F. Supp. 939, 947 (D. Vt. 1986) (citations omitted) ("[T]he Board did give notice of its special meeting and did accord students and faculty an opportunity to be heard before it voted. Due process only requires that notice be reasonable under the circumstances and that there is an opportunity to be heard"). Further, Plaintiff argues that he received no "reasonable opportunity to confront his accuser." Dkt. No. 2 at ¶ 17. In this context, Plaintiff need only be given notice and an opportunity to be heard, *see Otero*, 297 F.3d at 151, not an opportunity to confront their accuser. *See* Dkt. No. 2 at ¶ 17; *see also United States v. Bedi*, 453 F. Supp. 3d 563, 572 (N.D.N.Y. 2020), *rev'd and remanded on other grounds*, 15 F.4th 222 (2d Cir. 2021).

After providing adequate pre-termination process, New York's "Article 78 proceeding provides an avenue of postdeprivation redress that satisfies due process requirements." *Clark v. Dominique*, 798 F. Supp. 2d 390, 401 (N.D.N.Y. 2011) (citing *Gudema v. Nassau Cnty.*, 163 F.3d 717, 724 (2d Cir. 1998)); *see also Nicholas v. Seggos*, No. 8:23-CV-463, 2023 WL 6121164, *6 (N.D.N.Y. Sept. 19, 2023). "[I]t matters not whether a plaintiff actually avails [him]self of the state court post-deprivation process. So long as that process is available, a due process claim must be dismissed." *Clark*, 798 F. Supp. 2d at 401 (quoting *Longo v. Suffolk Cnty. Police Dep't*, 429 F. Supp. 2d 553, 560 (E.D.N.Y. 2006)). In the present case, the pre-termination notice and

hearing, in conjunction with the availability of an Article 78 proceeding, forecloses Plaintiff's procedural due process claim. *See Mordukhaev v Daus*, 457 Fed. Appx. 16, 21 (2d Cir. 2012) (citation omitted) ("[T]he availability of an Article 78 proceeding to challenge any alleged deficiencies in an administrative adjudication is sufficient to satisfy due process"); *Hellenic*, 101 F.3d at 881 ("An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit"); *Reynolds v. Vill. of Chittenango*, No. 5:19-CV-416, 2020 WL 1322509, *6 (N.D.N.Y. Mar. 20, 2020) (quotation omitted) ("An Article 78 proceeding is only sufficient if '[d]efendants complied with the minimal due process requirements for a pre-termination hearing'").

Plaintiff also alleges that he "sought a hearing by an impartial mediator" and that the District's denial of his request violates due process. *See* Dkt. No. 2 at ¶ 16. The Second Circuit has held "due process does not require that pre-termination hearings occur before a neutral adjudicator[,]" and that in this context "the availability of a state-court proceeding to challenge the . . . decision provide[s] 'a wholly adequate post-deprivation hearing for due process purposes.'" *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1077 (2d Cir. 2021) (quoting *Locurto*, 264 F.3d at 174, 175). Here, the availability of an Article 78 proceeding specifically protects Plaintiff's due process rights and provides him with the ability to seek the impartial review he desires.

Plaintiff asks the Court to conclude that he "was deprived at the outset of the opportunity to respond within the pre-termination procedures provided in the CBA, and this Court should find he therefore had no pre-termination opportunity to respond as contemplated by due process." Dkt. No. 13-1 at 10. The grievance procedure set out in the CBA applies to "any dispute or grievance arising concerning the interpretation or application of the terms of this agreement or the rights claimed to exist thereunder." Dkt. No. 7-2 at 2. It sets forth three steps an employee can

take by filing a grievance with "the Department Head within ten (10) school days after the employee first knew of the act or condition on which the grievance is based," presenting the "grievance to the Chief Executive Officer," and then presenting the "grievance to the Board of Education," whose decision would be "final and binding." *Id.*

Plaintiff's argument conflates the grievance procedure with procedural due process. While the CBA sets forth procedures for filing grievances, these procedures "do not make out a claim of constitutional dimensions." *Murphy v. Bd. of Educ. of Oceanside Union Free Sch. Dist.*, No. 03-CV-4113, 2005 WL 2305009, *5 (E.D.N.Y. Sept. 20, 2005) (finding no procedural due process violation where plaintiff alleged that the defendant "fail[ed] to comply with the procedures outlined in the CBA"). Plaintiff's "argument that the procedures of his collective bargaining agreement were not followed, even if true, is unpersuasive" because such procedures do not outline the minimal due process that is owed to Plaintiff under the Fourteenth Amendment. *Carpenter v. Mohawk Valley Cmty. Coll.*, No. 6:18-CV-1268, 2022 WL 4482738, *6 (N.D.N.Y. Sept. 27, 2022); *see also Edwards v. City of New York*, No. 03-CV-9407, 2005 WL 3466009, *19 (S.D.N.Y. Dec. 19, 2005) (citations omitted) ("[V]iolation of the grievance procedure set forth in a collective bargaining agreement is not a constitutional tort, and therefore does not give rise to a claim under the Fourteenth Amendment. While private contracts and collective bargaining agreements may create for an employee a right to a pre-termination hearing not automatically provided as a matter of law, these privately created rights are 'neither constitutional nor statutory'"). Moreover, the Second Circuit has explained that the "failure to submit to the grievance procedures precludes consideration of the fairness of those proceedings in practice." *Narumanchi v. Bd. of Trustees of Connecticut State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988) (citation omitted).

Accordingly, Defendants' motion to dismiss Plaintiff's procedural due process claim is granted.

*2. "Stigma Plus"*

Plaintiff alleged a "stigma-plus" claim. *See* Dkt. No. 2 at ¶ 18. "'Stigma plus' refers to a claim brought for injury to one's reputation (the stigma) coupled with the deprivation of some 'tangible interest' or property right (the plus), without adequate process." *Diblasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003) (citing *Paul v. Davis*, 424 U.S. 693, 701-02 (1976)). To prevail on such a claim, "[P]laintiff must show (1) the utterance of a statement 'sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false,' and (2) a material state-imposed burden or . . . alteration of the plaintiff's status or rights." *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) (citation omitted).

Defendants seek to dismiss Plaintiff's claim given the availability of an Article 78 proceeding in state court and because Plaintiff has not sufficiently stated a claim. *See* Dkt. No. 7-3 at 4-6. Plaintiff concedes in his response that "'[a]n Article 78 proceeding provides the requisite post-deprivation process' for a 'stigma-plus' claim." Dkt. No. 13-1 at 11 (quoting *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 121 (2d Cir. 2011)); *see also McHerron v. Hills*, 778 Fed. Appx. 54, 55 (2d Cir. 2019). Thus, he agrees that he "will not pursue this claim here," and the Court grants Defendants; motion to dismiss. Dkt. No. 13-1 at 11. As the Court does not address whether Plaintiff has sufficiently alleged a "stigma-plus" claim, the Court dismisses the claim without prejudice.

**IV. CONCLUSION**

Upon careful consideration of the entire record in this matter, the parties' submissions and the applicable law, and for the reasons set forth herein it is hereby

**ORDERS** the Defendants' motion to dismiss (Dkt. No. 7) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint alleging a procedural due process claim (Dkt. No. 2) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's complaint alleging a stigma-plus claim (Dkt. No. 2) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED.**

Dated: December 13, 2023
Albany, New York

Mae A. D'Agostino
U.S. District Judge